**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LUCY CLARK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-917-R** |
| ) | |
| **MICHAEL ROSENTHAL** ) | |
| **& KEVIN McCLANAHAN,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pro se Plaintiff Lucy Clark has filed a Complaint [Doc. No. 1] against Defendants

Michael Rosenthal and Kevin McClanahan. The one-page Complaint states:

1. Defendant Kevin Mcclanahan violated due process,

2. Defendant Michael Rosenthal conspired with Kevin Mcclanahan,

2. [sic] Plaintiff demands an award to be decided by the Court.

*Id.* Plaintiff makes no other allegations. Plaintiff has also filed a Motion for Leave to

Proceed in forma pauperis [Doc. No. 2].

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." This Rule "serves

the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform

the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148

(10th Cir. 2007). The standard articulated by Rule 8 "does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

1

me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Thus, to meet Rule 8's standard, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This typically requires a complaint to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.* Additionally, Rule 8(d) requires "[e]ach allegation must be simple, concise, and direct."

While a "'pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). Here, Plaintiff's allegations are too conclusory to state a plausible claim or give defendants fair notice.

Plaintiff's Complaint is therefore DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 8.[1] Her Motion for Leave to Proceed in forma pauperis [Doc. No. 2] is DENIED AS MOOT.

IT IS SO ORDERED this 30th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Dismissal may also be proper on jurisdictional grounds. *See Williams v. Jimenez*, No. CIV-26-31-SLP, 2026 WL 78147, at *1 (W.D. Okla. Jan. 9, 2026) (examining a complaint with similar sparse allegations and stating the "only possible basis for . . . subject matter jurisdiction is pursuant to 28 U.S.C. § 1331 based on Plaintiff's reference to a 'due process' violation. But the factual allegations are too threadbare to decipher the basis for any claim premised on such a violation.").

3